U.S. Department of Justice

Channing D. Phillips
Acting United States Attorney

**FILED**

NOV 0 3 2009

*District of Columbia*

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

*Judiciary Center*
*555 Fourth St., N W*
*Washington, D.C  20530*

October 14, 2009

David M. Rosenfield, Esquire
Arthur G. Jakoby, Esquire
Herrick, Feinstein LLP
2 Park Avenue
New York, NY 10016

**Re:**   *United States v. Robert S. Brown*   — 09CR 267 (HHK)

Dear Counsel:

This letter sets forth the full and complete plea offer to your client, Robert S. Brown, from the Criminal Division of the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office").  If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below.  Upon receipt of the executed document, this letter will become the Plea Agreement.  The terms of the offer are as follows:

1.   **Charge and Statutory Penalties**

Your client agrees to plead guilty to a one count criminal Information, a copy of which is attached, charging violation of Title 18, United States Code, Section 1503 (Obstruction of the Due Administration of Justice).

Your client understands that pursuant to the provisions of 18 U.S.C. § 1503, the charge carries a maximum sentence of ten years of imprisonment, a fine of $250,000.00 or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), whichever is greater, a $100.00 special assessment, a three year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made.

In consideration of your client's plea to the above offense, subject to the other paragraphs of this agreement, your client will not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of Offense.  In addition, subject to the other paragraphs of this agreement, this Office agrees that no information or testimony, oral or written, provided by you or your client to government agents and prosecutors during proffers, debriefings or testimony, or any

information or testimony directly or indirectly derived from such information or testimony, will be used against your client in any criminal case related to the following issuers and entities: (1) Xinhua Finance Limited; (2) companies associated or affiliated with Shelly Singhal (hereinafter "SBI Group"); (3) Biophan Technologies, Inc.; (4) Infinium Labs, Inc., currently known as Phantom Entertainment, Inc.; (5) IT&E International, Inc., currently known as Averion International Corp.; (6) Aztec Oil and Gas, Inc.; (7) Small World Kids, Inc.; (8) Visijet, Inc.; (9) Perfisans Holdings, Inc.; and (10) Xinhua Finance Media Limited (hereinafter collectively referred to as the "subject matters"). This agreement not to prosecute your client does not extend to any other federal, state or local crimes. This immunity is intended to be co-extensive with that set forth in 18 U.S.C. § 6001, et seq. and, consistent with such immunity, this Office will not seek to provide information received from your client to other prosecuting offices or agencies for the purpose of a criminal prosecution of your client. Notwithstanding the above, your client understands and agrees that if it is determined that he has given deliberately false, incomplete, or misleading information under this agreement, this Office can prosecute him for perjury, making a false statement to federal officers and obstruction of justice. Each of these federal crimes carries a maximum penalty of five or ten years' imprisonment and a $250,000.00 fine.

### 2.   **Factual Stipulations**

Your client agrees that the attached "Statement of the Offense" fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty. It is anticipated that prior to or during the plea hearing, your client will adopt and sign the Statement of the Offense as a written proffer of evidence.

### 3.   **Sentencing Guidelines Stipulations**

Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual (2004 edition) (hereinafter "Sentencing Guidelines" or "U.S.S.G."). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

### A.   **Offense Level under the Guidelines**

Base Offense Level (U.S.S.G. § 2J1.2):      14

**Acceptance of Responsibility: 2-point reduction:** The Government agrees that a 2-level reduction would be appropriate, pursuant to U.S.S.G § 3E1.1(a), provided that your client clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through your client's allocution, adherence to every provision of this Agreement, and subsequent conduct prior to the imposition of sentence.

In accordance with the above, the applicable Guidelines Offense Level is 12.

**B.      Criminal History Category**

Based upon the information now available to this Office (including representations by the defense), your client is a Criminal History Category I.

**C.      Applicable Guideline Range**

Based upon the calculations set forth above, your client's stipulated Sentencing Guidelines range is 10 to 16 months (the "Stipulated Guidelines Range"). In addition, the parties agree that should the Court impose a fine, at Guidelines level 12, the applicable fine range is $3000.00 to $30,000.00.

Except as provided below, the parties agree that under the Sentencing Guidelines neither a downward nor an upward departure from the Stipulated Guidelines Range set forth above is warranted. Accordingly, neither party will seek such a departure or seek any adjustment not set forth herein, other than a potential departure pursuant to U.S.S.G. § 5K1.1. Nor will either party suggest that the Court consider such a departure or adjustment, other than a potential departure pursuant to U.S.S.G. § 5K1.1.

**4.      Agreement as to Sentencing Allocution**

The parties further agree that a sentence within the Stipulated Guidelines Range would constitute a reasonable sentence in light of all of the factors set forth in Title 18, United States Code, Section 3553(a). In addition, except as provided below, neither party will seek a sentence outside of the Stipulated Guidelines Range or suggest that the Court consider a sentence outside of the Stipulated Guidelines Range.

Nothing in this agreement limits the right of the parties to make any arguments regarding where within the Stipulated Guidelines Range (or such other range as the Court may determine) your client should be sentenced or to seek an appropriately adjusted sentencing range if it is determined based upon new information that your client's criminal history category is different from that set forth above. Nothing in this agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, *see* U.S.S.G. §3E1.1, and/or imposition of an adjustment for obstruction of justice, *see* U.S.S.G. §3C1.1, regardless of any stipulation set forth above, should your client move to withdraw your client's guilty plea after it is entered, or should it be determined that your client has either (i) engaged in conduct, unknown to the Government at the time of the signing of this agreement, that constitutes obstruction of justice or (ii) engaged in additional criminal conduct after signing this agreement.

5.    **Cooperation**

A.    Your client agrees to cooperate completely, candidly, and truthfully in any criminal investigation or prosecution conducted by this Office or by other prosecutors related to the subject matters.  Specifically, your client agrees:

i.    To provide complete, truthful, and candid disclosure of information and all records, writings, tangible objects, or other requested materials of any kind or description that your client has (other than those covered by an attorney-client or attorney work product privilege), including financial records and tax returns;

ii.    To answer completely, truthfully, and candidly all questions put to your client by attorneys and law-enforcement officials (other than those covered by an attorney-client or attorney work product privilege);

iii.    To be available for interviews by attorneys and law-enforcement officers of the government upon request and reasonable notice;

iv.    Not to attempt to protect any person or entity through false information or omission, nor falsely to implicate any person or entity;

v.    To comply with any and all reasonable requests from federal government authorities with respect to the specific assistance that your client shall provide; and

vi.    To answer, at trial, before the grand jury, or at any hearing arising out of an investigation, all questions put to your client by the Court or by the attorney for any party completely, truthfully, and candidly (other than those covered by an attorney-client or attorney work product privilege).

Subject to the paragraph below entitled "Breach of Agreement," this Office agrees that no information or testimony, oral or written, provided by you or your client to government agents and prosecutors during proffers, debriefings or testimony, or any information or testimony directly or indirectly derived from such information or testimony, will be used against your client in any criminal case. This immunity is intended to be co-extensive with that set forth in 18 U.S.C. § 6001, et seq. and, consistent with such immunity, this Office will not seek to provide information received from you or your client to other prosecuting offices or agencies for the purpose of a criminal prosecution of your client.  Notwithstanding the above, your client understands and agrees that if it is determined that he has given deliberately false, incomplete, or misleading information under this agreement, this Office can prosecute him for perjury, making a false statement to federal officers and obstruction of justice. Each of these federal crimes carries a maximum penalty of five or ten years' imprisonment and a $250,000.00 fine.

B.     Forfeiture: Your client agrees to pay to the United States, and to forfeit to it, $275,000.00 (U.S. Dollar denomination), which funds he agrees approximate his net proceeds derived from his participation in the transactions concerning Xinhua Finance Limited and IT&E International, Inc. Your client will pay the funds by way of certified check(s), made payable to the United States Marshals Service, within eighteen months of the date of sentencing. Your client consents to the forfeiture of these funds to the United States, and understands that, to effectuate the forfeiture, the United States may institute a civil forfeiture proceeding against these funds in a United States court, setting forth one or more factual bases for forfeiture of the net funds. Your client agrees that if the funds have not been relinquished for forfeiture in the manner described above, the United States may pursue any assets identified as property constituting or derived from proceeds your client obtained as a result of his participation in the transactions concerning Xinhua Finance Limited and IT&E International, Inc., or, if none can be found, any appropriate substitute assets, and institute forfeiture proceedings against such assets. Your client agrees to waive all interest in the funds and not to file a claim against such funds in any administrative or judicial forfeiture proceeding. Your client warrants that he is the sole owner of the $275,000.00 being submitted to the United States and agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the forfeiture of such money and property. Your client acknowledges that all property covered by this agreement is subject to forfeiture as property involved in illegal conduct giving rise to forfeiture. Nothing in this paragraph limits the additional remedies available to this Office in the event of your client's failure to satisfy her obligations under this agreement.

C.     If requested by the United States Securities and Exchange Commission ("SEC"), your client agrees that this Office may disclose to the SEC any oral and written statements provided to this Office by him related to the subject matters provided that the SEC agrees that any statements disclosed may not be further disseminated for non-SEC proceedings.

If requested by you or your client, this Office will advise the SEC and/or any other investigating agency or entity of the full nature, extent and value of the cooperation provided by your client to the government, except for matters, if any, covered by Rule 6(e) of the Federal Rules of Criminal Procedure.

6.     **Departure Committee**

At the time of your client's sentencing, the government will advise the sentencing judge and the United States Probation Office in the District of Columbia of the full nature, extent, and value of the cooperation provided by your client to the government. In addition, before sentencing, the government will inform the Departure Committee of the United States Attorney's Office for the District of Columbia of the full nature, extent, and value of the cooperation provided by your client to the government. If the Departure Committee determines that your client has provided substantial assistance in the investigation or prosecution of another person or entity that has committed any offense, then the government will file a motion pursuant to § 5K1.1. Your client understands that the determination of whether he has provided "substantial assistance" is within the sole discretion of the government. Your client further understands that the failure of the government to file a

"substantial assistance" departure motion is not a ground for him to move to withdraw his plea of guilty in this case.

### 7.   Use of Certain Information

The government and your client agree that because your client has agreed to cooperate with the government in a criminal investigation, under Section 1B1.8 of the Guidelines, self-incriminating information provided by your client pursuant to his cooperation agreement shall not be used against your client in the determining the applicable Guidelines range, except as otherwise provided in this Agreement.

The preceding paragraph shall not be applied to restrict the use of information:

A.   known to the government prior to the date that you or your client first provided information to this Office in connection with this investigation;

B.   concerning the existence of your client's prior convictions and sentences;

C.   in a subsequent prosecution for perjury, giving a false statement, or obstruction of justice; or

D.   in determining whether, or to what extent, a downward departure is warranted under Section 5K1.1 of the Guidelines

### 8.   Court Not Bound by the Plea Agreement

It is understood that pursuant to Rules 11(c)(1)(B) and 11(c)(3)(B) of the Federal Rules of Criminal Procedure, the Court is not bound by the above stipulations concerning questions of fact, the parties' determination of the applicable Guidelines range, or other sentencing issues. In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in Title 18, United States Code, Section 3553(a), the parties reserve the right to answer any related inquiries from the Court.

### 9.   Court Not Bound by the Non-Mandatory Sentencing Guidelines

It is understood that the sentence to be imposed upon your client is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. Your client acknowledges that your client's entry of a guilty plea to the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is

understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence outside the Guidelines range.

**10.**   **Restitution**

In addition to the other penalties provided by law, the Court must also order that your client make restitution, if any, under 18 U.S.C. § 3663A.  Restitution is payable immediately unless ordered otherwise by the Court.  The parties agree that restitution pursuant to 18 U.S.C. § 3663A is not warranted.

**11.**   **Appeal Waiver**

Your client is aware that federal law, specifically 18 U.S.C. §3742, affords your client the right to appeal the sentence under certain circumstances.  Your client is aware that the Government's factual stipulations and predictions about the calculation of the sentencing guidelines are not binding on the sentencing judge.  Knowing that, your client waives the right to appeal his sentence or the manner in which it was determined pursuant to 18 U.S.C. §3742, except to the extent that (a) the Court sentences your client to a period of imprisonment longer than the statutory maximum, or (b) the Court departs upward from the applicable Sentencing Guideline range pursuant to the provisions of U.S.S.G. §5K.2 or based on a consideration of the sentencing factors set forth in 18 U.S.C. §3553(a).  Further, your client reserves the right to make a collateral attack upon your client's sentence pursuant to 28 U.S.C. § 2255, if new and currently unavailable information becomes known to him.  In agreeing to this waiver, your client is aware that your client's sentence has yet to be determined by the Court. Realizing the uncertainty in estimating what sentence the Court ultimately will impose, your client knowingly and willingly waives your client's right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the Government in this agreement.

**12.**   **Release/Detention**

Your client acknowledges that while the Government will not seek a change in your client's release conditions pending sentencing, the final decision regarding your client's bond status or detention will be made by the Court at the time of your client's plea of guilty. The Government may move to change your client's conditions of release if your client engages in further criminal conduct prior to sentencing.

**13.**   **Breach of Agreement**

Your client understands and agrees that if, after entering this agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this agreement, or engages in any criminal activity prior to sentencing, your client will have breached this agreement. In the event of such a breach: (a) the Government will be free from its obligations under the agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your

client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this agreement or during the course of any debriefings conducted in anticipation of or after entry of this agreement, including your client's statements made during proceedings before the Court pursuant to Federal Rule of Criminal Procedure 11.

Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules should he be found to have breached this agreement.

Your client understands and agrees that the Government shall only be required to prove to the Court a breach of this agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this agreement.

Nothing in this agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this agreement or committed by your client after the execution of this agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this agreement shall constitute a breach of this agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

## 14.   **Waiver of Statute of Limitations**

It is further agreed that should the conviction following your client's plea of guilty pursuant to this agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this agreement and the commencement or reinstatement of such prosecution. It is the intent of this agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this agreement is signed.

## 15.   **Waiver of Venue**

Your client agrees to waive any defense based on venue for the counts to which your client has agreed to plead guilty.

16.    **Complete Agreement**

No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

Your client further understands that this Agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the agreement in the space indicated below and returning the original to me once it has been signed by your client and by you or other defense counsel.

Truly yours,

CHANNING D. PHILLIPS
ACTING UNITED STATES ATTORNEY

By:    _____

Michael K. Atkinson
Vasu B. Muthyala
Assistant United States Attorneys
Keshia West
Special Assistant United States Attorney

### DEFENDANT'S ACCEPTANCE

I have read this Plea Agreement and have discussed it with my attorneys, David M. Rosenfield, Esquire and Arthur G. Jakoby, Esquire. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorneys in connection with this Plea Agreement and matters related to it.

Date: 10/14/09

Robert S. Brown
Defendant

### ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Agreement with my client, fully. These pages accurately and completely set forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: 10/14/09

David M. Rosenfield
Attorney for the Defendant

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Agreement with my client, fully. These pages accurately and completely set forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: 10/14/09

Arthur G. Jakoby
Attorney for the Defendant

Page 10 of 10