1    UNITED STATES DISTRICT COURT

2    FOR THE DISTRICT OF COLUMBIA

3    ------------------------------X

4    THE UNITED STATES OF AMERICA          Criminal Case No.

5                 v.                       CR. 09-267

6    ROBERT S. BROWN,

7                          Defendant,   Washington, D.C.

8    ------------------------------X Tuesday, November 3, 2009
                                      2:08 P.M.
9

10                   TRANSCRIPT OF PLEA
            BEFORE THE HONORABLE HENRY H. KENNEDY, JR.
11              UNITED STATES DISTRICT JUDGE

12   APPEARANCES:

13   For the Government:        Michael K. Atkinson, Esquire
                                Vasu B. Muthyala, Esquire
14                              Keshia West, Attorney-at-Law
                                Office of the U.S. Attorney
15                              555 4th Street, N.W.
                                Washington, D.C.  20530
16                              (202) 616-3702

17   For the Defendant:         David M. Rosenfield, Esquire
                                HERRICK, FEINSTEIN LLP
18                              2 Park Avenue
                                New York, NY 10016
19                              (212) 592-1513

20   Court Reporter:            ANNIE R. SHAW, RPR
                                U.S. District Courthouse
21                              333 Constitution Ave., NW
                                Room 6722
22                              Washington, D.C.  20001
                                (202) 354-3242
23

24   Proceedings recorded by mechanical stenography, transcript
     produced by computer-aided transcription.
25

```
 1                   P-R-O-C-E-E-D-I-N-G-S

 2                                           (2:08 p.m.)

 3          THE DEPUTY CLERK:  Criminal Action 09-267, United

 4  States versus Robert S. Brown.

 5          Counsel, please step to the podium and state your

 6  appearances for the record.

 7          MR. ATKINSON:  Good afternoon, Your Honor.  Michael

 8  Atkinson on behalf of the government.  I'm joined at counsel

 9  table by Assistant United States Attorney Vasu Muthyala and

10  Special Assistant United States Attorney Keshia West.

11          MR. ROSENFIELD:  Good afternoon, Your Honor.  David

12  Rosenfield, counsel for Mr. Robert S. Brown, and Mr. Brown is

13  here.

14          THE COURT:  Good afternoon to everybody.  I understand

15  it's Mr. Brown's intention to enter a plea of guilty to a

16  criminal offense this afternoon.  If that is so, I would ask

17  that he come forward, stand at the lectern.  And,

18  Mr. Rosenfield, I would expect you to stand next to him.

19          Mr. Brown, I am sure you have talked with your

20  lawyer -- you are a lawyer yourself, aren't you?

21          THE DEFENDANT:  Yes.

22          THE COURT:  -- and he has explained to you and you

23  know what to expect this afternoon.  I will ask you some

24  questions.  I will expect you to be truthful when you answer my

25  questions because it will be on the basis of these questions --
```

1   on the basis of the answers given to the questions that I will

2   decide whether to accept your plea of guilty in this case.  I

3   will only accept a plea of guilty in this case if, and only if,

4   I determine, one, that you actually committed the crime to,

5   which you are entering this plea of guilty; two, that you know

6   that you have an alternative to pleading guilty, that is to

7   have a trial, a jury trial.  And that if you plead guilty you

8   will waive your right to a trial and many rights which are

9   associated with a trial.  And, thirdly, I must assume that you

10  are doing this because it is your decision to plead guilty,

11  that you are not subject to any undue influence, that you feel

12  that you are being forced to do this by anyone.

13          If you have any questions that you would like to ask

14  concerning these proceedings, anything that I say or anything

15  that the attorneys would say at this proceeding, you should let

16  me know that, and if you do I will do one of two things.  I

17  will either answer any question that you have myself, or I will

18  give you time to talk with your attorney.

19          Miss Johnson, please administer the oath to Mr. Brown.

20          DEFENDANT, ROBERT S. BROWN, SWORN

21          THE DEPUTY CLERK:  Please state your name for the

22  record.

23          THE DEFENDANT:  Robert Steven Brown.

24          THE DEPUTY CLERK:  Thank you.

25          THE COURT:  Mr. Brown, how old are you?

1          THE DEFENDANT:  Forty-five.

2          THE COURT:  I indicated that I'm aware that you are a

3    graduate of law school; is that correct?

4          THE DEFENDANT:  Yes.

5          THE COURT:  Which law school?

6          THE DEFENDANT:  New York University Law School.

7          THE COURT:  Where were you born?

8          THE DEFENDANT:  Far Rockaway, New York, Your Honor.

9          THE COURT:  Therefore, you are a citizen of the United

10   States, aren't you?

11         THE DEFENDANT:  Yes, I am.

12         THE COURT:  Are you a citizen of any other country?

13         THE DEFENDANT:  No, I'm not.

14         THE COURT:  I assume that you have no difficulty

15   understanding written language, even complex written language;

16   is that correct?

17         THE DEFENDANT:  That's correct.

18         THE COURT:  Have you ever been treated for any type of

19   mental illness or emotional problem?

20         THE DEFENDANT:  No, Your Honor.

21         THE COURT:  I would expect you to have before you at

22   this time a document that is captioned Statement of the

23   Offense.  Do you have a copy of that before you?

24         THE DEFENDANT:  I do, Your Honor.

25         THE COURT:  This document, it's 18 pages long,

5

provides information concerning what you did, what you knew

when you did it, and it describes your conduct when the

offenses, which are described in this Statement of Offense,

were being investigated by the Grand Jury, or a Grand Jury, by

the Federal Bureau of Investigation and the United States

Attorney's Office.  Are you aware of the Statement of Offense

that I am referring to?

THE DEFENDANT:  Yes, I am, Your Honor.

THE COURT:  On page 18 of this Statement of Offense

are three signatures, one is of Robert S. Brown.  Did you sign

this Statement of the Offense?

THE DEFENDANT:  Yes, I did, Your Honor.

THE COURT:  Did you read it?

THE DEFENDANT:  Yes, I did, Your Honor.

THE COURT:  Did you understand it?

THE DEFENDANT:  Yes, I did.

THE COURT:  Did you read it more than one time?

THE DEFENDANT:  Yes, I did.

THE COURT:  Did you read it and also discuss it with

your attorney?

THE DEFENDANT:  Yes, I did, Your Honor.

THE COURT:  I have the original of the Statement of

the Offense, and I do note that on several pages there are

handwritten, what I will call interlineations.  There is words

that are inserted by hand.  And I see that, that there are

1    initials next to the words.  I am referring specifically to

2    pages 8, 11, and those are the only pages that I see where

3    there are -- there is information added by hand.  And next to

4    these notations, again, are the initials of persons who are

5    involved in this case.  One initial is R.S.B., and I would

6    assume that's Robert S. Brown.

7              THE DEFENDANT:  Yes.

8              THE COURT:  Is that correct?

9         Mr. Brown, is what is set forth in the Statement of

10   the Offense, each and everything that is set forth in the

11   Statement of Offense, is it true and accurate?

12             THE DEFENDANT:  Yes, it is, Your Honor.

13             THE COURT:  This Statement of Offense is rather

14   lengthy, and it, it describes some sophisticated, I would say

15   complicated financial transactions:  The setting up of

16   corporations, financial transactions involving others; and it

17   indicates that there were fraudulent transactions, of which you

18   were aware; and that there came a point in time when there was

19   an investigation of these transactions, fraudulent in and of

20   themselves, involving fraudulent conduct by others; and that

21   when you were giving information to the Grand Jury, to the FBI

22   and to the U.S. Attorney's Office, you were not truthful.

23   That's what I said I believe is accurate, but there is more.

24   But is what I said true?

25             THE DEFENDANT:  Yes, it is, Your Honor.

1      THE COURT:  I'm going to ask the prosecutor if the

2  prosecutor wishes to do more than I have done in setting forth

3  what it is that Mr. Brown is pleading guilty to.  I have

4  ascertained that he has read the Statement of the Offense, I

5  have read it.  I have ascertained that he understands what he

6  read.  I have also indicated -- I have characterized what is in

7  it.  Mr. Brown has indicated that my characterization was

8  accurate.  Do you want to do any more characterization of this

9  Statement of the Offense, Mr. Atkinson?

10      MR. ATKINSON:  Thank you, Judge.  I don't think that's

11  necessary.  I would -- Mr. Brown has acknowledged his signature

12  on the document.  I would just ask that he adopt the Statement

13  of Offense as his own in open court.

14      THE COURT:  Well, Mr. Brown, you heard what the

15  prosecutor said.  Do you request -- I believe that I have in a

16  sense asked you to do that, but there has been a specific

17  request that you adopt this, what is set forth in the Statement

18  of the Offense as your own statement of what you did.

19      THE DEFENDANT:  I do, Your Honor.

20      THE COURT:  Mr. Brown, have you ever been in trouble

21  with the law before?

22      THE DEFENDANT:  No, I haven't, Your Honor.

23      THE COURT:  Have you ever been arrested before?

24      THE DEFENDANT:  No, Your Honor.

25      THE COURT:  Mr. Brown, within the last 48 hours have

1  you taken any illegal drugs or drank any alcohol?

2              THE DEFENDANT:  I had alcohol in the last 48 hours.

3              THE COURT:  Is your head clear this afternoon?

4              THE DEFENDANT:  Yes, it is, Your Honor.

5              THE COURT:  Are you having any difficulty

6  understanding anything that I'm saying?

7              THE DEFENDANT:  No, Your Honor.

8              THE COURT:  Mr. Brown, do you appreciate and

9  understand that you have a right to a jury trial in this case?

10             THE DEFENDANT:  Yes, I do, Your Honor.

11             THE COURT:  Do you think you know generally what

12  happens when a person such as yourself is charged with a

13  criminal offense and then chooses to go to trial?

14             THE DEFENDANT:  Yes, I do, Your Honor.

15             THE COURT:  I have no reason to doubt what you have

16  just said.  However, it's my practice to briefly explain so

17  that I am able to make the findings that I am required to make

18  under the law.

19             A jury trial is a public proceeding, which means that

20  anyone who wished to attend it could do so.  What happens is

21  that a group of citizens, in a case such as this I would think

22  there would be about 60, would comprise a jury panel.  These

23  people would be questioned to determine whether any of them

24  should not sit on the petit jury.  The petit jury is the

25  smaller group of citizens culled out from that larger group who

1    would make a decision after hearing all of the evidence in the

2    case, and also hearing from me as to what the principles of law

3    are that applied to the case.  These people would determine

4    whether the evidence showed beyond a reasonable doubt that you

5    were guilty of the offense or offenses charged.

6             You would have the right to be present at the trial.

7    You would be represented by an attorney, whose obligation would

8    be to represent your interests as well as they could be

9    represented within the rules and the law that governs jury

10   trials.

11            You would have the right to present evidence, but you

12   would have the right not to present any evidence.  And you

13   would have the right not to testify.  Of course, that would be

14   your right as well to testify, but you would have the right not

15   to testify.  And were you to go to trial and decided that you

16   did not want to testify, I would tell the members of the jury

17   that they should not hold it against you, that is think that

18   you were guilty because you decided to exercise your right to

19   remain silent.

20            If you plead guilty you will give up your right to a

21   trial, as well as many other rights which are associated with a

22   trial.  Do you understand?

23            THE DEFENDANT:  Yes, I do, Your Honor.

24            THE COURT:  I indicated that, that at the trial, the

25   trial would be governed by principles of law that it would be

```
1    my job to tell the jury about.  And I will not mention all of
2    the many principles of law that would apply in this case, but I
3    will mention at least two.
4              One principle of law is that in this country when a
5    person such as yourself is charged with a criminal offense and
6    chooses to have a trial, that person is presumed to be
7    innocent.  That is the jury is told that they should come to
8    the process with the thought, and this is not quite exact, but
9    it's good enough, that the person accused did not commit the
10   crime.  So that's one principle of law.
11             The other principle of law is that in order for the
12   jury to be dutiful in doing what it would be required to do, in
13   order to find you guilty each and every member of the jury
14   would be required to determine that the evidence showed that
15   you were guilty beyond a reasonable doubt, the highest standard
16   in the law.  And the jury would be told that if the evidence
17   was not so compelling as to show your guilt beyond a reasonable
18   doubt, that they should then return a not guilty verdict.
19             Now, if you plead guilty you will not have a trial
20   and, therefore, there will be no reason for me to instruct the
21   jury.  And you will, in effect, be giving up, again, all of the
22   rights which are associated with a trial, including the right
23   to have a jury told about the principles of law that would
24   govern the trial of your case.  Do you understand?
25             THE DEFENDANT:  Yes, I do, Your Honor.
```

1          THE COURT:  If I accept your plea of guilty, the next

2    step in this process would be sentencing.  Were you to have a

3    trial and were you convicted, you would have a right to appeal

4    the conviction to judges who sit on a higher court, in this

5    judicial district that's the United States Court of Appeals for

6    the D.C. Circuit.  And when that is done a group of judges

7    would review what happened at the trial level to determine

8    whether any mistakes were made that were prejudicial to the

9    accused.  And if two of the three judges were to conclude that

10   a mistake like that was made at the trial, then the conviction

11   would be reversed and then there would be a decision as to

12   whether the prosecution should go forward.

13          If you plead guilty you will in effect give up all

14   rights of appeal.  There are some, but for the most part you

15   will not have the right to appeal anything other than an

16   illegal or improper sentence.  Do you understand that?

17          THE DEFENDANT:  Yes, I do, Your Honor.

18          THE COURT:  I understand that your decision to plead

19   guilty comes about, at least in part, as a result of plea

20   bargaining.  There is a Plea Agreement in this case.  I

21   understand it's set forth in a letter.  It's addressed to

22   counsel.  It's dated October 14th, 2009.

23          Do you have a copy of that Plea Agreement before you?

24          THE DEFENDANT:  Yes, I do, Your Honor.

25          THE COURT:  On page ten of the Plea Agreement is a

1    signature, it seems to be yours.  Is this your signature?

2             THE DEFENDANT:  Yes, it is, Your Honor.

3             THE COURT:  I'll ask you the same questions about this

4    Plea Agreement as I asked about this Statement of Offense.  Did

5    you read this Plea Agreement?

6             THE DEFENDANT:  Yes, I did, Your Honor.

7             THE COURT:  Did you understand it?

8             THE DEFENDANT:  Yes, I did, Your Honor.

9             THE COURT:  As you stand there right now, do you have

10   any, any questions about it?

11            THE DEFENDANT:  No, I don't, Your Honor.

12            THE COURT:  I have no reason to doubt what you have

13   said, so I won't go over at this time each paragraph of this

14   Plea Agreement.  There are certain portions that I will

15   mention.

16            One matter is set forth under paragraph one, and that

17   is the maximum sentence which you could receive for a

18   conviction in this case under the United States Code that sets

19   forth the crime and the penalty for the crime to which you are

20   pleading guilty, that being obstruction of due administration

21   of justice, which is found at Title 18 of the United States

22   Code, Section 1503.

23            The maximum sentence under this statute is ten years

24   in prison, a fine of $250,000, or a fine of twice an amount

25   that is calculated by reference to another portion of the

1   United States Code, whichever is greater.

2          The Court is also authorized to impose a term of

3   supervised release if you are imprisoned, an order of

4   restitution, and an obligation to pay any applicable interest

5   or penalties on any fines or restitution not timely made.  Do

6   you understand?

7          THE DEFENDANT:  Yes, I do, Your Honor.

8          THE COURT:  Have you ever heard of the United States

9   Sentencing Guidelines?

10          THE DEFENDANT:  Yes, I have, Your Honor.

11          THE COURT:  Have you discussed the United States

12   Sentencing Guidelines and how they are -- how they come into

13   play in your sentencing --

14          THE DEFENDANT:  Yes, Your Honor.

15          THE COURT:  -- with your lawyer?

16          Do you understand that when I impose sentence in your

17   case, I am required to consider the United States Sentencing

18   Guidelines?  Do you understand that?

19          THE DEFENDANT:  Yes, I do, Your Honor.

20          THE COURT:  Now, I note that in the Plea Agreement the

21   attorneys have indicated what they believe to be the

22   appropriate United States Sentencing Guidelines that would

23   apply in this case, and how the various -- and have determined

24   what the base level offense is, the adjusted base level

25   offense, the criminal history category.  They have indicated

1    what they believe is the, again, the United States Sentencing

2    Guidelines and how it should be applied in this case.

3            Do appreciate that I have no reason to think that they

4    are wrong, but when it comes time for you to be sentenced I

5    will have to make the determination as to what the appropriate

6    United States Sentencing Guideline is and how it factors into

7    your sentencing.  Do you understand that?

8            THE DEFENDANT:  Yes, Your Honor.

9            THE COURT:  Has anyone indicated to you what sentence

10   I will impose in your case?

11           THE DEFENDANT:  No one has, Your Honor.

12           THE COURT:  The only other part of the Agreement that

13   I will specifically reference is paragraph 16.  I interpret

14   paragraph 16, which is captioned Complete Agreement, to mean

15   that insofar as there are agreements between the parties,

16   agreements between you and the United States Attorney's Office

17   for the District of Columbia, that all agreements and

18   understandings are set forth here in this written writing, in

19   this Plea Agreement, and that there are no other agreements.

20   So that one would expect that if in the future there was any

21   question as to what the parties intended insofar as the

22   Agreement is concerned, one would hope and expect to be able to

23   answer the question by simply reading the Plea Agreement.  Do

24   you understand that?

25           THE DEFENDANT:  Yes, I do, Your Honor.

1          THE COURT:  Do you have any complaints against your

2     lawyer?  I know how unsettling that question might be, standing

3     next to the man whom I'm inquiring about, but I'm sure you

4     understand that certain questions are appropriately asked.

5          THE DEFENDANT:  No, I don't, Your Honor.

6          THE COURT:  You are satisfied with your lawyer?

7          THE DEFENDANT:  Very.

8          THE COURT:  Therefore, if I accept your plea of guilty

9     to the crime that is set forth in the -- in an Information, you

10    will in effect be giving up your right to having the evidence,

11    or at least a part of it, considered first by a Grand Jury, who

12    typically reviews cases to determine whether there is probable

13    cause to believe that a crime has been committed, and that the

14    person under suspicion or under investigation committed that

15    crime.

16         But if I accept your plea of guilty to a crime that is

17    set forth in the Information, you will waive your right to

18    Grand Jury consideration.  Do you understand that?

19         THE DEFENDANT:  Yes, I do, Your Honor.

20         THE COURT:  Are you entering this plea of guilty

21    voluntarily?

22         THE DEFENDANT:  Yes, I am, Your Honor.

23         THE COURT:  Do you have any questions that you would

24    like to ask at this time?  Are there any lingering questions

25    that you have about anything?

1        THE DEFENDANT:  No, Your Honor.

2        THE COURT:  Mr. Rosenfield, are there any other

3   questions that you believe it would be appropriate for me to

4   ask your client?

5        MR. ROSENFIELD:  No, Your Honor.

6        THE COURT:  Mr. Atkinson, are there any questions that

7   you believe -- any other questions that you believe it would be

8   appropriate for me to ask Mr. Brown?

9        MR. ATKINSON:  No, Judge.

10        THE COURT:  Mr. Brown, how do you plead to the charge

11   that is contained in the Information, one count of obstruction

12   of the due administration of justice?

13        THE DEFENDANT:  Guilty, Your Honor.

14        THE COURT:  Mr. Brown, I will accept your guilty plea.

15   I find that you actually committed the crime with which you are

16   charged.  I make that finding on the basis of the Statement of

17   the Offense.

18        I also find that you know what your rights are, your

19   rights to a trial and the many rights which are associated with

20   a trial; and that while you know what your rights are that you

21   are knowingly and intelligently waiving them, giving them up.

22        And I also find that you are entering this plea of

23   guilty voluntarily.  That is that you are doing this of your

24   own freewill and with an understanding of the nature of the

25   charge to which you are pleading guilty.

1    So with that the plea is accepted.

2    There is an order that I have been presented with that

3    seeks to have Mr. Brown booked.  Mr. Rosenfield, do you have

4    any objection to my signing this order?

5    MR. ROSENFIELD:  No, Your Honor.

6    THE COURT:  All right.

7    Counsel, we will set the case for sentencing now,

8    unless there is some other request.  Is there any reason why

9    the Court should not set sentencing now?

10   MR. ATKINSON:  Judge, as part of Mr. Brown's Plea

11   Agreement, he has agreed to cooperate in an ongoing

12   investigation.  The government would request that his

13   sentencing be postponed, and that a status hearing be set in 60

14   to 90 days, at which point we determine whether it's

15   appropriate at that point to set a sentencing date.

16   But we ask there be a status hearing set, perhaps

17   early next year, Your Honor.

18   THE COURT:  Mr. Rosenfield.

19   MR. ROSENFIELD:  Your Honor, I agree with AUSA

20   Atkinson.

21   THE COURT:  All right.

22   Okay.  Well -- all right.  That is what will happen.

23   I will set a status hearing for sometime in February.

24   Counsel, I would urge you if that is not a good day

25   for whatever reason, someone please move to continue it.

1          This the first time that Mr. Brown has appeared before
2    me.
3          Does anyone -- Mr. Atkinson, do you have any objection
4    to Mr. Brown being released on his personal recognizance?
5          MR. ATKINSON:  No, Judge, we do not.  We would ask
6    that the conditions set forth by Pretrial Services,
7    particularly to surrendering his Passport, and it's fine with
8    us if he surrenders that to his counsel.
9          THE COURT:  I'm sorry?
10         MR. ATKINSON:  It is fine with the government if
11   Mr. Brown surrenders his Passport to his counsel.
12         THE COURT:  Okay.  Anything else?
13         MR. ATKINSON:  Nothing else from the government.
14         THE COURT:  All right.
15         Mr. Rosenfield, do you have any objection?
16         MR. ROSENFIELD:  No, Your Honor.  The only question I
17   have is in terms of Mr. Brown reporting to Pretrial Services.
18   He lives in New York.  To the extent he is required to report
19   to Pretrial Services in the District of Columbia, we would ask
20   that he be able to do so by phone.  I think that is one of the
21   provisions, I just wanted to make sure that was clear.
22         THE COURT:  Yes, that's fine.  There will be a
23   reporting condition once a week, and Mr. Brown can report by
24   telephone.
25         MR. ROSENFIELD:  Thank you, Your Honor.

1          THE COURT:  And the Court will also order that

2  Mr. Brown relinquish his Passport to his attorney.

3          Miss Johnson, next date.

4          THE DEPUTY CLERK:  Thursday, February 4th, 2010,

5  11:00 a.m.

6          THE COURT:  Would you repeat that date and time?

7          THE DEPUTY CLERK:  Thursday, February 4th, 2010,

8  11:00 a.m.

9          THE COURT:  All right.  That's the date and time for

10  the status hearing.

11          MR. ATKINSON:  That is fine with the government, Your

12  Honor.

13          THE COURT:  All right.

14          MR. ROSENFIELD:  Fine with counsel for Mr. Brown, Your

15  Honor.

16          THE COURT:  All right.  Good day.

17          MR. ROSENFIELD:  Thank you, Your Honor.

18          THE DEFENDANT:  Thank you, Your Honor.

19                          (Adjourned at 2:43 p.m.)

20

21

22

23

24

25

1      **CERTIFICATE OF COURT REPORTER**

2

3          I, ANNIE R. SHAW, certify that the foregoing is a

4       correct transcript from the record of proceedings in

5       the above matter.

6

7   Date:  November 30, 2009

8                                    _____

9                                    Signature of Court Reporter

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25